THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN R. FELLOWS, District Attorney of the County of New York, Appellant, v. EDWARD HOGAN, one of the Police Justices of the City of New York, Respondent.

*Section 4 of chapter 181 of the Laws of 1888 does not confer exclusive jurisdiction upon the magistrate to try the offense of refilling bottles marked with a special name or device.*

Section 4 of chapter 181 of the Laws of 1888 does not confer upon the magistrate therein named exclusive jurisdiction to try an offender for the offense of refilling bottles marked with a device or name under the provisions of said act; and the magistrate, in his discretion, may require the defendant to give security to appear at a Court of Special Sessions.

*Quære*, whether, if such act did confer exclusive jurisdiction, it would not be unconstitutional as depriving an accused person of his right to trial by jury.

APPEAL by the relator from an order, bearing date June 13, 1889, and entered in the office of the clerk of the county of New York on the 20th day of November, 1889, denying a motion made by the relator that a *mandamus* issue out of and under the seal of this court, directed to one EDWARD HOGAN, one of the police justices in the city of New York, commanding him to inquire into the circumstances of the possession of the property mentioned in Exhibit "B," attached to the petition of one Philip H. Adler, and if, upon inquiry, he, the said EDWARD HOGAN, should find him, the said Philip H. Adler, guilty of a violation of chapter 377 of the Laws of 1887, as amended by chapter 181 of the Laws of 1888, or of section 2 of chapter 377 of the Laws of 1887, as amended by chapter 181 of the Laws of 1888, to impose upon the said Philip H. Adler the punishment by said last-mentioned statutes prescribed.

*W. T. Jerome*, for the appellant.

*De Lancey Nicoll*, for the respondent.

VAN BRUNT, P. J.:

By section 1 of chapter 181 of the Laws of 1888 any persons engaged in manufacturing, bottling or selling soda water, etc., in bottles with his name or other marks or devices branded or stamped upon such bottles, may file in the office of the clerk of the county

in which their principal place of business is situated, and of the Secretary of State, a description of the name or names so used by him, and may make certain publications provided for by the act. By section 2 of said act it is declared to be unlawful for any person to fill with soda water, etc., any bottle with any name, mark or device thereon, of which a description shall have been filed or published as provided by section 1; and that any person offending against the provisions of the section shall be deemed guilty of a misdemeanor and punished as prescribed in the section. By section 4 it is provided that whenever any person mentioned in section 1 shall make oath before any magistrate that he has reason to believe, and does believe, that any of his bottles, boxes, etc., a description of the names, marks and devices whereon has been published as aforesaid, are being unlawfully used or filled, or had, by any person, the said magistrate must thereupon issue a search warrant to discover and obtain the same; and may also cause to be brought before him the person in whose possession the same shall be found, and inquire into the circumstances of such possession; and if such magistrate finds that such person has been guilty of a violation of section 2, he must impose the punishment therein described and award the property taken on such warrant to the owner thereof.

Messrs. Bolen & Byrne were engaged in the manufacture, bottling and selling of soda water, having their names and other marks and devices produced upon the bottles, a description of which was duly filed in the office of the clerk of the county, and also of the secretary of State, and duly published. Their agent duly made oath before the respondent that Bolen & Byrne were the owners of certain property described in the affidavit, and that he had reason to believe, and did believe, that said property, namely, divers siphons so marked and distinguished as aforesaid, were being unlawfully used by one Philip H. Adler, who was manufacturing and selling soda, mineral and aerated waters, and that he had been unlawfully using, buying, selling and trafficking in said siphons so marked upon certain premises occupied by him without having obtained the written consent of said Bolen & Byrne. The affiant prayed the magistrate to issue a search warrant for said property, and that he cause to be brought before him the said Adler, in whose possession the said bottles might be found, and to inquire into the circumstances of such possession as

to whether Adler had been guilty of a violation of the act aforesaid. The respondent thereupon issued his search warrant and also directed that if any part of said property was found, that the officer should bring the same, together with said Adler, or the person in whose custody the same should be so found, forthwith before him. The officer executed the warrant and brought certain property and said Adler before the magistrate. The district attorney appeared for The People and moved that the charge be tried by the magistrate, and if the prisoner be convicted that the punishment prescribed be imposed by the magistrate. The respondent denied the motion, declaring the offense to be a misdemeanor, and that the defendant could not be deprived of his constitutional right to a trial by jury. The magistrate examined the charge and found that the crime, as charged, had been committed, and that there was reasonable ground to believe defendant guilty, and thereupon ordered the defendant to find security in the sum of $300. The defendant waived his right to a trial by jury and elected to be tried by the Court of Special Sessions, giving a bond for his appearance at said court. The respondent thereupon sent the case to the Court of Special Sessions for trial. The district attorney thereupon applied for a writ of *mandamus* against the police justice, commanding him to inquire whether said Adler had been guilty of a violation of the act aforesaid, and to impose upon him, if so guilty, the punishment by said statute provided. This motion, coming on to be heard before the Special Term was denied, and from the order thereupon entered this appeal is taken.

The questions presented are whether the magistrate had, under section 4 of the act in question, exclusive jurisdiction to try said Adler for the offense alleged to have been committed by him, and if so, whether such provision is not unconstitutional as depriving the said Adler of his constitutional right to a trial by jury. These questions are not entirely plain. It will be observed, upon a reading of the section in question, that it is entirely discretionary whether if the magistrate issues a search warrant he shall also cause to be brought before him the person in whose possession such property may be found.

It is clear that this provision of the section is not at all mandatory,

and, therefore, it seems to be the plain intent of the legislature that the jurisdiction of the magistrate, in case the misdemeanor had been committed, should not be exclusive. The having in possession and use of bottles, under the circumstances described in the act, is proclaimed to be a misdemeanor; and if the construction claimed by the appellant was correct, then, if the magistrate exercised his option, not to cause the person in whose possession the property might be found to appear before him, there would be no method whatever of punishing the offender for the misdemeanor. It is clear that this was not the intention of the legislature.

Consequently, courts having a general discretion in the matter of trying all complaints for misdemeanors had jurisdiction to entertain the complaint. By section 64 of the Code of Criminal Procedure, the Court of Special Sessions is given jurisdiction to try all complaints for misdemeanors, unless the defendant elects to be tried by the Court of General Sessions or the Court of Special Sessions sends the case to the Court of General Sessions to be tried. The magistrate refusing to cause the person in whose possession the property is found to be brought before him for examination, it is clear that the Court of Special Sessions would have jurisdiction to try the defendant for that which under the act of 1888 is declared to be a misdemeanor, unless the defendant elected to be tried at the Court of General Sessions.

It is true that the subsequent language of section 4 provides that in case the magistrate causes the person to be brought before him, that he shall then inquire into the circumstances of such possession, and if he finds that such person has been guilty of a violation of the act, he must impose the punishment therein prescribed. But, as already observed, the question being entirely within his discretion as to whether he shall cause the person to be brought before him at all, and it being clear that he has not the exclusive jurisdiction of punishing offenses of this character, the use of the words " shall " and " must " are necessarily to be construed in accordance with the permissive portions of the section, and the magistrate must be held to have the right to allow the proceeding to take the ordinary course relating to the punishment of misdemeanors rather than to exercise the extraordinary power attempted to be conferred by the provisions of the act in question. In fact, it does not seem to be claimed upon

the part of the appellant that if the magistrate has not exclusive jurisdiction, but that his action is entirely protected by the other provisions of the law.

As has already been seen, the act proclaims certain things to be a misdemeanor. Courts have the general power to try all complaints for misdemeanors, and, consequently, have a right to try this complaint for a misdemeanor. The magistrate has the right to refuse to bring such person before him for the purpose of being convicted in that summary way for a misdemeanor, and to isssue his warrant and bring the person before him, and then to proceed in the manner which the Code of Criminal Procedure points out. It seems, therefore, to be clear that if the person has been brought and examined before him, the magistrate, if the law in question is constitutional, has the right to impose the punishment, or, under the provisions of the Code of Criminal Procedure, to send the case for trial before the Special Sessions if the defendant so elect.

Under this view of the case, it is not necessary to consider the question as to whether the magistrate would have the constitutional right to fine and imprison the defendant upon conviction before him under the act in question. There are other provisions of the act which are certainly unconstitutional, but it is needless, in view of the conclusion at which we have arrived, to decide the constitutional question.

We think, therefore, that the jurisdiction of the magistrate was not exclusive, and that the provisions of the Code of Criminal Procedure might apply and were made to apply by the action of the magistrate under the complaint filed before him.

The order should be affirmed.

Brady and Daniels, JJ., concurred.

Order affirmed.